United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1408NI

_____

Todd Allen Oetken,                          *
                                            *
          Appellant,                        *
                                            *
     v.                                     *
                                            *
                                            *
John Ault; Larry J. Theilen, C/O;           *   On Appeal from the United
William Sperfslage, Sgt., sued as           *   States District Court
Lt. Sperfslage (Supervisor 3rd Floor);      *   for the Northern District
Cheyenne Lerch; Robert E. Walker,           *   of Iowa.
sued as Robert Walker (Additional           *
Officers - IMR-Anamosa); and John P.        *
Drawbaugh, C/O, sued as John Duehr          *
(Additional Officers - IMR - Anamosa),      *
                                            *
          Appellees.                        *

_____

Submitted: January 13, 1998

Filed:  March 2, 1998

_____

Before  RICHARD S. ARNOLD, Chief Judge, BRIGHT and WOLLMAN, Circuit
     Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

In this § 1983 case, Todd Allen Oetken, a prison inmate beaten by his cellmate, claims that prison officials were deliberately indifferent to an excessive risk of harm to him posed by his cellmate. The District Court[1] found for the defendants after a trial. The findings of the District Court are not clearly erroneous, and we therefore affirm.

I.

Oetken was a prisoner serving disciplinary detention time at the Iowa Men's Reformatory when the following events occurred. An unknown prison official placed Toby Michaels, an inmate who had recently been in a fight, in the same cell as Oetken. After a few days without incident, the two argued about a pair of headphones, and Michaels attacked Oetken, seriously injuring him. Oetken claims prison officials knew Michaels posed a risk of serious harm because Oetken had informed Corrections Officer John Duehr that he was afraid of Michaels, but that prison officials nevertheless failed to protect him from the harm that eventually occurred. After a trial on the merits, the District Court found that prison officials were not aware of a serious risk of harm. The Court therefore held defendants not liable for failing to protect Oetken.

II.

The Eighth Amendment to the United States Constitution (made applicable to the states by the Fourteenth) prohibits the infliction of cruel and unusual punishment. Prison officials are obliged to protect prisoners from violence at the hands of other prisoners because such violence is not "part of the penalty that criminal offenders pay for their offenses . . .." See Farmer v. Brennan, 511 U.S. 825, 834 (1994), quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In order to prevail on an Eighth Amendment failure-to-protect claim, an inmate must show that he was incarcerated

---

[1]The Hon. John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa.

under conditions presenting a substantial risk of serious harm, and that a defendant official knew of and disregarded that risk. Farmer, 511 U.S. at 847. It must be established that the official not only knew of facts from which the inference of a substantial risk of serious harm could be drawn, but also that he drew that inference. Id. at 837.

At trial, Oetken failed to present evidence that Michaels posed a substantial risk of serious harm of which Duehr, or any other official, was aware. Oetken testified that when Michaels was celled with him, Michaels told him that he had just been in a fight, and that prison officials needed two cans of mace to subdue him. A. 9. Oetken also testified that Michaels said he had a tendency to "pop" or "go off" if provoked, prompting Oetken to ask Michaels if he should be afraid of him. A. 11. Oetken stated that Michaels told him not to worry because he did not hit women, a reference to the fact that Oetken is homosexual. He testified that "[Michaels] said he'd never hurt me or he'd never hit me," but that he was afraid of Michaels nonetheless. Id.

Oetken urges that the fight resulting in Michaels's being celled with him was an indication to prison officials that Michaels posed an excessive risk. However, there was testimony at trial that even after an inmate is involved in a fight, inmates in disciplinary (and all other) housing are often double-celled because of a shortage of cell space, but that care is taken to place the fighting inmate with someone with whom he has no history of problems. Oetken did not know Michaels before they were celled together. There was no other indication that the placement with Oetken posed an excessive risk of harm. Nor did any harm occur to Oetken until the disagreement over ownership of the headphones, a disagreement for which Oetken was partly responsible.

Even if there was evidence that Michaels posed a threat to Oetken, Duehr testified that Oetken never spoke with him about his concerns, and that, if he had, Duehr would have reported such information to a supervisor. Oetken testified that he spoke with two or three guards about Michaels, but that Duehr is the only one he can

identify with certainty. No written reports or complaints were introduced corroborating Oetken's claim that he informed the guards.

Last, Oetken asserts that officials were deliberately indifferent to a substantial risk of serious harm by failing to stop Michaels from beating him when they first had the opportunity. Oetken alleges that Duehr responded to his calls for help and then stood by and watched while Michaels continued to beat him before commanding him to stop. Duehr testified that Michaels stopped hitting Oetken as soon as Duehr ordered him to stop. No force was used to intervene in the altercation, a circumstance that supports Duehr's testimony that he successfully commanded Michaels to halt. The District Court chose to believe Duehr. That is the prerogative of the trier of fact.

We have reviewed Oetken's claims with regard to the other named officials and find them without merit.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.